**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ANTHONY JAMES THOMAS, JR.,
ADC #146295**                                                                                                          **PLAINTIFF**

**v.**                                            **4:09CV00902BSM/HLJ**

**UNIVERSITY OF CENTRAL
ARKANSAS POLICE DEPARTMENT, et al.**                                                **DEFENDANTS**

**ORDER**

Plaintiff's application to proceed *in forma pauperis* was granted on December 15, 2009 (Doc. No. 3) and he was directed to amend his complaint because it was too vague and conclusory to determine whether it was frivolous, failed to state a claim, or stated a legitimate claim. Because the amended complaint failed to satisfy the December 15, 2009 order, plaintiff was directed to file a second amended complaint (Doc. No. 9), which he has now done (Doc. No. 12). Plaintiff also moves to waive his filing fee. (Doc. No. 11).

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), complaints seeking relief against an officer or employee of a governmental entity must be screened. They must be dismissed if the claims raised are legally frivolous, malicious, seek monetary relief from a defendant immune from such relief, or fail to state a claim. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 127 S.Ct. 1955, 1974 (2007).

Pro se complaints are liberally construed when reviewed by courts under § 1915A(b)(2). *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In construing them liberally, all allegations are weighed in favor of the plaintiff unless they are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Plaintiff names the University of Central Arkansas Police Department as a defendant. State-funded universities have been considered entities of the state that may not be sued under § 1983. *See, e.g. Bradley v James*, 420 F.Supp.2d 974, 975 n.1 (E.D. Ark. 2006) (holding that the University of Central Arkansas is not a person for purposes of § 1983). Departments of state-funded universities have also been considered entities of the state which may not be sued under § 1983. *University of Ark. for Med. Sciences v. Adams*, 354 Ark. 21, 117 S.W.3d 588 (2003) (holding that UAMS, a department of the University of Arkansas, may not be sued under § 1983). Further, a university police department is not considered an entity separate from its university. *See Williams v. University of Illinois*, 945 F.Supp. 163 (N.D.Ill 1996) (holding that the University of Illinois Police Department was not a suable entity pursuant to 42 U.S.C. § 1983). Because the University of Central Arkansas is a state-funded university, neither it nor its police department may not be sued under § 1983. Consequently, the University of Central Arkansas Police Department is dismissed.

Having reviewed the original and amended complaints, and construing them together, it now appears that service of defendants Justin Tapley and Michael Welsh is appropriate. Accordingly, the clerk is directed to prepare summons for defendants Justin Tapley and

Michael Welsh. The United States Marshal is directed to serve a copy of the original (Doc. No. 2) and amended complaints (Doc. Nos. 8, 12), along with summons, on defendants without prepayment of fees, costs, or security.  Defendant University of Central Arkansas Police Department is hereby dismissed.  Plaintiff's motion to waive the filing fee (Doc. No. 11) is hereby denied.

    IT IS SO ORDERED this 22nd day of April, 2010.

    _____
    UNITED STATES DISTRICT JUDGE