UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANTHONY JAMES THOMAS, JR,
ADC #146295                                                                                         PLAINTIFF

v.                                    CASE NO. 4:09cv00902 BSM

UNIVERSITY OF CENTRAL ARKANSAS
POLICE DEPARTMENT, et al.                                                           DEFENDANTS

## ORDER

Separate defendants University of Central Arkansas Police Department ("UCAPD"), Captain Justin Tapley ("Tapley"), UCAPD Lieutenant Harold Preston Grumbles ("Grumbles"), and Michael Welsh ("Welsh") move to dismiss the complaint [Doc. Nos. 18, 21, and 26]. Plaintiff, Anthony James Thomas, Jr. ("Thomas"), has responded [Doc. Nos. 30, 37] and moves to amend his complaint [Doc. Nos. 29, 34 and 36]. The motions to dismiss are granted. All other motions are denied as moot.

### I. ALLEGATIONS

Thomas brings his claims under 42 U.S.C. § 1983 alleging false imprisonment, malicious prosecution and defamation of character. Thomas was arrested on November 8, 2006, and charged with aggravated robbery, theft of property and aggravated assault. The charges arose from his alleged involvement in an armed robbery. According to the Conway Police Department Report of Investigation, Thomas entered an apartment with another individual who was armed with a silver pistol. Following a confrontation with the residents of the apartment, Thomas and the other individual left with a brick of marijuana and money.

Thomas was detained pending trial in May 2010. The jury found him not guilty on all three charges and he was released from prison.

To support his claim of false imprisonment, Thomas maintains that the charges brought against him were false. He therefore claims he was held in jail illegally. His defamation of character claim arises from the embarrassment he felt when his arrest was covered by the media. He asserts that due to this he lost family and friends, and was expelled from the University of Central Arkansas where he was a student. The expulsion has negatively affected his credit because his student loans have now become due. He further states that he has been labeled as a hard criminal. Thomas supports his malicious prosecution claim by asserting that he was innocent of the crimes charged.

## II.  MOTION TO DISMISS STANDARD

"Dismissal is proper where the plaintiffs' complaint fails to state a claim upon which relief can be granted." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing Fed. R. Civ. P. 12(b)(6)). Accepting as true all of the factual allegations contained in the complaint, the court must review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id*. "The plaintiffs need not prove specific facts in support of their allegations, but they must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Id*. (internal citations omitted).

III.  DISCUSSION

Defendants argue that Thomas's claims must be dismissed because they are time-barred under the statute of limitations. According to defendants, the statute of limitations period for Thomas began running on the date of his arrest, November 8, 2006, and ran out three years later on November 8, 2009. Therefore, Thomas's complaint, filed December 3, 2009, is untimely and must be dismissed. Thomas responds that the statute of limitations began to run from the date his trial started, in May 2007. He states " . . . May 2007 was the date plaintiff was tried by Jury in Faulkner County Circuit Court and found 'Not Guilty' of the malicious charges defendants unlawfully and unconstitutionally charged plaintiff with. Furthermore . . . May 2007, defendants actually tried to ruin plaintiff's life even more by attempting to sentence plaintiff to prison in the Arkansas Department of Corrections." The limitations period would then run in May 2010, and his § 1983 claims would be timely.

The United States Supreme Court has ruled that the statute of limitations for § 1983 claims is pegged to the personal injury statute of limitations of the state whose law is to be applied. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Arkansas, the three year statute of limitations period set forth in Ark. Code Ann. § 16-56-105 is applied to personal injury claims. Indeed, the Eighth Circuit has applied Arkansas's three year personal injury statute of limitations to § 1983 actions. *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001).

The Eighth Circuit has also held that the statute of limitations period begins to run when a claimant knows or should have known through due diligence that he has a claim. *Alcorn v. Burlington N.R. Co.*, 878 F.2d 1105, 1108 (8th Cir. 1989). " . . . [I]t is the standard

rule that [accrual of a § 1983 action occurs] when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal citations omitted).

In *Wallace*, the United States Supreme Court dealt specifically with the accrual of a false imprisonment claim. It held, "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process-when, for example, he is bound over by a magistrate or arraigned on charges." *Id*. at 389. On November 9, 2006, a circuit judge signed a felony information against Thomas, specifically stating that he was "satisfied that there is probable cause to believe that the offense alleged in the [] Felony Information was committed by [Thomas] . . . " Tapley and Grumbles motion to dismiss, Ex. D, "Felony Information." Thomas's false imprisonment claim accrued on this date and is therefore time-barred.

A malicious prosecution claim requires evidence of: (1) a proceeding instituted or constituted by defendant against plaintiff; (2) termination of proceeding in favor of plaintiff; (3) absence of probable cause for the proceeding; (4) malice on part of defendant; and (5) damages. *Burkett v. Burkett*, 95 Ark. App. 314, 321 (2006). Thomas's malicious prosecution claim did not accrue until his acquittal in May 2007, at which time there was a termination of the proceeding in his favor. His malicious prosecution claim is not time-barred. It is, however, dismissed for failure to state a claim. Thomas has made no showing of the absence of probable cause or malice on the part of defendants.

Thomas's defamation claim is time-barred. To prove defamation, a plaintiff must

4

establish: (1) the defamatory nature of the statement of fact; (2) that statement's identification of or reference to plaintiff; (3) the publication of the statement by defendant; (4) defendant's fault in publication; (5) the statement's falsity; and (6) damages. *Dodson v. Allstate Ins. Co.*, 365 Ark. 458, 464 (2006). Although Thomas references no specific statement made by defendants, his pleadings will be liberally construed so that the charges filed against him will be considered the alleged defamatory statement. Upon filing of the charges on November 9, 2006, Thomas's defamation claim accrued. It could be argued that upon filing of the charges, the full injury created by the alleged defamatory statement was not suffered, and therefore the claim was yet to accrue. Such an argument would fail however because, "[u]nder the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace*, 549 U.S. at 391 (quoting 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526-527 (1991) (footnote omitted)). Thomas's defamation claim is therefore dismissed.

It is important to note that in Thomas's motion to amend grievances [Doc. No. 32], he states that he attempted to file this complaint on previous occasions, prior to the running of the statute of limitations. He asserts, however, that each time he tried to file the complaint it was destroyed by the Faulkner County Detention Center ("FCDC"). For support he submits three grievances he filed with the FCDC. The first, dated November 4, 2009, requests that he be provided with paper to pursue his legal actions. The FCDC responds by inquiring as to what case Thomas is working on, and if he has paperwork establishing that he is

representing himself *pro se*. A second grievance was filed by Thomas on November 6, 2009, in which he asks why his grievances have been delayed. The FCDC responds that upon receipt of a grievance, the grievance officer has up to ten working days to respond. The final grievance submitted by Thomas on November 10, 2009, requests a copy of his mail history. The FCDC responds that mail history is no longer available to inmates. These grievances do not provide support for Thomas's allegation that his previous complaints were destroyed by the FCDC. Indeed, Thomas has failed to support this allegation with any facts.

## IV. CONCLUSION

Accordingly, defendants' motions to dismiss [Doc. Nos. 18, 21 and 26] are granted. Thomas's claims are dismissed with prejudice. The remaining motions are denied as moot.

IT IS SO ORDERED this 24th day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE